IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01978-PAB-MJW

TERRY WINNE,

    Plaintiff,

v.

CITY OF LAKEWOOD,

    Defendant.

**ORDER**

This matter is before the Court on the motion to dismiss [Docket No. 9] filed by defendant City of Lakewood (the "City"). The motion is fully briefed and ripe for disposition.

**I. BACKGROUND**[1]

From 1999 to 2008, plaintiff Terry Winne was a 911 dispatcher for the City. In July 2005, he suffered an automobile accident resulting in head injuries. Plaintiff's neurologist prescribed medication for headaches that plaintiff experienced after the accident. In January 2008, his neurologist changed the prescription, which resulted in Mr. Winne suffering cognitive problems. During the spring and summer months of 2008, plaintiff was approved for intermittent leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

As a result of plaintiff's cognitive problems, the City sent plaintiff to a psychiatrist,

---

[1] The following facts are drawn from plaintiff's complaint [Docket No. 1].

who determined on August 11, 2008 that plaintiff was not fit to be a dispatcher. On or about August 11, 2008, the City transferred plaintiff to the records department of the police department. On August 26, 2008, the City terminated plaintiff's employment. The director of the City's employment relations, Ken Milano, informed plaintiff that his termination was due to attendance. Plaintiff still retained a balance of his FMLA leave at the time of his termination.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff contends that his termination was in violation of the FMLA because, at the time he was terminated, he retained an outstanding balance of FMLA leave.  The FMLA provides "up to twelve weeks of unpaid leave . . . for serious health conditions and reinstatement to the former position or an equivalent one upon return from that leave."  *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006).  "Courts have recognized two theories for recovery on FMLA claims under § 2615, the retaliation or discrimination theory and the entitlement or interference theory."  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002).  To plead a prima facie retaliation claim,[2] plaintiff must allege that (1) he engaged in an activity protected by the FMLA; (2) he suffered an adverse employment action; and (3) there is a causal connection between his engagement in FMLA-protected activity and

---

[2]The Tenth Circuit "interpret[s] [FMLA] retaliation claims under the burden-shifting architecture of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007).

the adverse employment action.  *See Metzler*, 464 F.3d at 1171.  "To establish an FMLA interference claim, 'the plaintiff must demonstrate: (1) that . . . []he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with . . . h[is] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[is] rights.'"  *DeFreitas v. Horizon Inv. Management Corp.*, 577 F.3d 1151, 1160 (10th Cir. 2009) (citation omitted, ellipses in original).

As defendant points out, plaintiff's complaint does not identify which theory he is relying upon.  *See Bryson*, 534 F.3d at 1286 ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation marks and citation omitted).  After being provided notice of this pleading deficiency, plaintiff's counsel offered the following as the entirety of his response to defendant's motion:

> Plaintiff Terry Winne's claim is simple – he claims that he was terminated because he had missed work, even though his approved FMLA intermittent leave protected him from such a termination.  He alleged that "the City's director of employment relations, Ken Milano, told him that the termination was because of his attendance even though he still had available FMLA leave."  In other words, the City told him that he was being terminated because he missed work in spite of the fact that he was on approved FMLA leave.  Mr. Winne cannot enlighten the Court as to why the City asserts this does not state a claim.  Does too.

Docket No. 12 at 1 (citation omitted).  As an initial matter, although plaintiff now argues that he was on approved FMLA leave at the time of his termination, the complaint does not allege that fact.  The complaint says he was approved for "intermittent leave," Docket No. 1 at 2, ¶ 4, which does not necessarily imply that all the leave he took was FMLA leave.  Moreover, there is no allegation that his termination was in retaliation for using FMLA leave.  Rather, he simply contends he retained an FMLA balance at the

time that he was terminated for attendance issues. That he received approval to take leave for a serious health condition during the spring and summer of 2008 does not, without further allegations, protect him from being terminated for missing work for reasons unrelated to that condition, and plaintiff's complaint is silent regarding the nature and circumstances of his attendance issues.

Furthermore, the Court construes the absence of any substantive response to defendant's motion as an indication that the deficiencies of the complaint cannot be cured by amendment, which plaintiff has not sought leave to file. The flippant tone of plaintiff's response reinforces that conclusion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 9] is GRANTED. Judgment shall enter in favor of defendant and against plaintiff.

DATED November 29, 2010.

                                            BY THE COURT:

                                            s/ Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge